**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 26-cv-3480-RMR

ALVA IRIS GARCIA ATRIAN,

      Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado,
GEORGE VALDEZ, Director of the Denver Denver Field Office, U.S. Immigration and Customs Enforcement,
MARKWAYNE MULLIN, U.S. Department of Homeland Security,
TODD BLANCHE, Acting U.S. Attorney General,

      Respondents.

---

**ORDER**

---

Petitioner Satbir Deshwal ("Petitioner") is a citizen of India who entered the United States in April 2019. ECF No. 1 ¶¶ 29-30. The Department of Homeland Security ("DHS") initiated removal proceedings against him on August 1, 2019. *Id.* ¶ 30. Around August 16, 2019, DHS released Petitioner on a $20,000 immigration bond. *Id.* ¶ 32. In May 2023, Petitioner was re-detained and released on $6,500 bond in January 2024. *Id.* ¶¶ 36-37. Petitioner's original proposed sponsor did not post the bond. *Id.* ¶ 38. When Petitioner arranged for another person to post bond, Immigration and Customs Enforcement ("ICE") refused to accept payment. *Id.* Petitioner sought custody review, but his scheduled May 5, 2025 hearing did not proceed because the immigration judge ran out of time. *Id.* ¶ 41. Ultimately, the Immigration Court concluded it lacked bond jurisdiction and determined

Petitioner was subject to mandatory detention under 1225(b)(2)(A) without assessing Petitioner's current danger or flight risk. *Id.* ¶ 42. In addition to his removal proceedings, Petitioner sought asylum by filing a Form I-589 in 2019. On June 21, 2026, Petitioner's asylum application was denied. *Id.* ¶ 44. He filed a timely appeal with the Board of Immigration Appeals ("BIA") and that appeal remains pending. *Id.*

Petitioner filed the instant Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1,[1] seeking immediate release and Respondents' acceptance of the $6,500 bond set by the Immigration Judge on January 8, 2024. *Id.* at 23. The relief requested by Petitioner and the legal claims and arguments upon which it's premised, are familiar to the Court and the parties. Respondents state they "are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." ECF No. 8 at 1. They submit that if the Court grants the Petition, "the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner." *Id.* at 2 (citing *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709, at *17 n.13 (10th Cir. June 30, 2026)).

Given this response, the Court indeed finds Petitioner's release appropriate and the Petition, ECF No. 1, is GRANTED. However, because Petitioner was previously released on bond set by the Immigration Judge's January 8, 2024 decision, Respondents are ORDERED to release Petitioner pursuant to the conditions set by that January 8, 2024 bond hearing decision. As such, Respondents are ORDERED to accept Petitioner's

---

[1] Respondents filed a Response to the Petitioner, ECF No. 9, and Petitioner replied, ECF No. 10. Petitioner also filed an Emergency Motion for Temporary Restraining Order, ECF No. 4.

$6,500 bond payment. Respondents may not impose any additional conditions of release or supervision beyond those he was subject to immediately prior to his most recent detention. Respondents SHALL FILE a status report within TWO DAYS of this Order to certify compliance. Respondents are further ENJOINED AND RESTRAINED from re-detaining Petitioner unless Respondents demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. At any such bond hearing, the Government shall bear the burden of proof. Because Petitioner is granted the relief he seeks, the Emergency Motion for Temporary Restraining Order, ECF No. 4, is DENIED AS MOOT.

DATED: August 7, 2026

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge

3